UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE RULO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-416 (CEJ) |
| ) | |
| DOUG PRUDDEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Lonnie Rulo for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a response in opposition, and the issues are fully briefed.

### I. Background

Following a jury trial in the Circuit Court of Madison County, Missouri, petitioner was found guilty of forcible rape (Count I), kidnapping (Count II), and two counts of armed criminal action (Counts III and IV). On October 18, 2005, the Missouri Court of Appeals reversed the conviction,[1] and remanded the case for retrial in Washington County, Missouri. State v. Rulo, 173 S.W.3d 649 (Mo. Ct. App. 2005). On June 20, 2007, petitioner entered an Alford pled guilty to Counts II and IV. Alford v. North Carolina, 400 U.S. 25 (1970). In return, the prosecution dismissed Counts I and III, and recommended a ten year sentence on Count II and an eighteen year sentence on

---

[1] The Court of Appeals found that the trial court erred in overruling petitioner's motion for change of judge.

Count IV, to be served concurrently. On June 20, following the plea colloquy, the trial court sentenced petitioner in accordance with the recommendation. Resp. Ex. A.

On November 28, 2007, petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035. On June 9, 2008, the motion was denied. Resp. Ex. A. Petitioner appealed, and the Missouri Court of Appeals affirmed. Resp. Ex. E and F. Petitioner then filed a Rule 91 state habeas action in the Circuit Court of Pike County, Missouri. That court denied the petition for the writ of habeas corpus on February 11, 2010.

In the instant § 2254 petition, petitioner asserts four grounds for relief: (1) that the state failed to bring him to trial within 180 days as required by Mo.Rev.Stat. §217.450 (2000); (2) that he was denied effective assistance of trial counsel; (3) that he was denied a change of judge; and (4) that he was denied effective assistance of appellate counsel.[2]

## II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

---

[2] In his reply to respondent [Doc. #15], petitioner raises several claims not included in his petition. Specifically, petitioner asserts that "fabricated evidence" and "false testimony" were admitted during the trial. Because the conviction following the trial was reversed, these claims are moot.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result."  Brown v. Payton, 544 U.S. 133, 141 (2005).  "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)).  "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief."  Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Id. at 406.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004).

"[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

## III. Discussion

Although respondent raised the issue of procedural default, he has responded to petitioner's claims on the merits. Because petitioner's claims are clearly unavailing on the merits, the Court will do the same, and will not address the issue of procedural default. See Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004) (allowing federal habeas courts to bypass a procedural default issue and proceed to the merits when relief is denied).

### A. Ground One

Petitioner argues that he was not brought to trial within 180 days pursuant to Missouri's "Uniform Mandatory Disposition of Detainers Law" (UMDDL). Mo.Rev.Stat. §217.450 (2000). This claim presents an issue of state law and may not be reviewed by a federal court in a habeas corpus proceeding. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) ("Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition."). Petitioner replies that his claim encompasses the constitutional guarantees of speedy trial and due process. Petitioner did not present a federal Sixth Amendment speedy trial claim to the state court in his motion for post-conviction relief, so this claim is procedurally barred. Finally, while lack of jurisdiction of the sentencing court would constitute a denial of due process, the state post-conviction review court found no violation of the UMDDL in petitioner's case. The question of jurisdiction is one of state law only and cannot be reviewed by this Court. Id.

### B. Ground Two

Petitioner's claim of ineffective assistance of counsel is based on the following: First, counsel informed petitioner that he was likely to be convicted and receive a life sentence if he went to trial. Second, counsel told petitioner that his claim under Missouri's UMDDL §217.450 would fail. Third, counsel used petitioner's child as a "bargaining chip" to obtain a plea agreement. Finally, counsel told petitioner that an Alford plea is not a guilty plea.

In order to state a claim of ineffective assistance of counsel, petitioner must meet the Strickland standard: petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, petitioner must show that counsel's conduct fell below the conduct of a reasonably competent attorney and that "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Trial counsel's performance in this case was not deficient. It is appropriate for counsel to provide advice regarding the likely consequences of going to trial compared to the consequences of accepting a plea bargain. Forsyth v. Spencer, 595 F.3d 81, 86 (1st Cir. 2010); Julian v. Bartley, 495 F.3d 487, 495 (7th Cir. 2007) ("The attorney need not be 100% correct in her prediction of the consequences of pleading guilty and of going to trial, as a mistake, in and of itself is not proof of deficient performance.").

Counsel's prediction was reasonable, as petitioner could have been sentenced to life if convicted at trial.[3]

Counsel's advice regarding the application of Missouri's UMDDL was also accurate, and therefore cannot constitute deficient performance. The state court denied petitioner post-conviction relief on this ground because it found petitioner's UMDDL claim to be without merit, as counsel had advised. Resp. Ex. A. That court's interpretation of state law is binding on this Court. Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005).

Petitioner next claims that counsel used petitioner's child as a "bargaining chip." In his reply to respondent, petitioner clarified that counsel promised to obtain the address of petitioner's son, which proved impossible because petitioner's son was in custody. Petitioner also claims that counsel misadvised him about parole eligibility. None of these allegations cast doubt upon the knowing and voluntary nature of petitioner's plea, as clearly established during the plea colloquy. Nor is there any suggestion that petitioner would not have pled guilty but for counsel's promise to obtain the address or statements regarding parole.

Finally, petitioner argues that counsel informed him that an Alford plea was not a guilty plea. However, during the plea colloquy and sentencing the court explained the meaning and legal consequence of an Alford plea, and repeatedly referred to the plea as an "Alford plea *of guilty*." Therefore, petitioner cannot show that his plea was unknowing.

### C. Ground Three

---

[3] Petitioner faced a life sentence on the rape count, Mo. Rev. Stat. §566.030, and an unlimited sentence on the counts of armed criminal action. Mo Rev. Stat. §571.015.

Petitioner argues that he was entitled to a change of judge at his request under state law. This is a state law claim and may not be reviewed by a federal habeas court. To the extent that petitioner argues the judge was biased and should have recused, there is no evidence to support this claim.

### D. Ground Four

Petitioner argues that appellate counsel was ineffective. Ineffective assistance of post-conviction review counsel is not a ground for relief in a federal habeas proceeding. 28 U.S.C. 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

### IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2013.