UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LONNIE RULO,                         )
                                     )
            Petitioner,              )
                                     )
      vs.                            )          Case No. 4:10-CV-416 (CEJ)
                                     )
DOUG PRUDDEN,                        )
                                     )
            Respondent.              )

## MEMORANDUM AND ORDER

On January 30, 2013, this Court denied the petition of Lonnie Rulo for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 22, 2013, the Court received an undated letter from petitioner, which the Court interprets as a motion for extension of time to file a notice of appeal.  Petitioner then filed a notice of appeal on June 11, 2013.  Respondent has not responded to petitioner's motion, and the time to do so has expired.

Under the Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.  The district court may grant an extension of time to file a notice of appeal if the party shows "excusable neglect or good cause."  Fed.R.App.P. 4(a)(5)(ii).  "[T]he party who moves for an extension of the filing period bears the burden of demonstrating excusable neglect."  Vogelsang v. Patterson Dental Co., 716 F.Supp. 1215, 1218 (D.Minn. 1989).  However, "it is not inappropriate to give special consideration to *pro se* appellants regarding their notices of appeal." Weekley v. Jones, 927 F.2d 382, 386 (8th Cir. 1991).

"In general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise

result." Benoist v. Bhd. of Locomotive Eng'rs, 555 F.2d 671, 672 (8th Cir. 1977). In this case, petitioner states that he was in administrative segregation at the time the Court issued its opinion and judgment, and he was not aware that a judgment had been entered. Although almost four months elapsed between the entry of judgment and the filing of petitioner's motion, considering petitioner's segregation and his previous attempts to appeal, it is in the interest of justice that the Court grant the requested extension of time.

Throughout the years preceding the entry of judgment in this case, petitioner diligently attempted to preserve his right to appeal despite his prolonged stay in administrative segregation, where he has remained for 23 of the past 25 months. As early as September 17, 2010, petitioner requested copies of the forms required to appeal, explaining that:

> I am prerequesting these documents so I will have them available in the event of a less favorable ruling. Please do not misunderstand my request, I just want to be prepared for the worst because of the very limited amount of time allowed after the decision. [Doc. #21].

On May 11, 2011, petitioner filed a premature notice of appeal. [Doc. #33]. He explained that he was in administrative segregation, without access to his legal files, but had heard a rumor that the Court had reached a decision in his case. On June 12, 2011, petitioner moved for an extension to time to file his notice of appeal, which was denied as moot. [Doc. #39]. The Eighth Circuit Court of Appeals dismissed petitioner's appeal for lack of jurisdiction. [Doc. #40]. On July 18, 2011, petitioner sent a letter to the Court, explaining that he was being transferred to an unknown facility, and filed another notice of appeal, "respectfully submitted prematurely to provisionally preserve my rights to appeal if needed." [Doc. #44].

Given the circumstances here---*i.e.*, petitioner's inability to learn of the entry of judgment due to his confinement in administrative segregation and his frequent attempts to appeal and remain abreast of the status of his case despite his segregation---the Court will grant petitioner's motion for an extension of time to file his notice of appeal.  Petitioner has shown excusable neglect, and it is in the interest of justice that this appeal be allowed despite its tardiness.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for an extension of time to file a notice of appeal [Doc. # 60] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall process the notice of appeal [Doc. #61] filed on June 11, 2013.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2013.